UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| ADAM J. VANDERMEER,<br><br>　　　　Plaintiff.<br>　　v.<br><br>LAW OFFICE OF BARBARA TSATUROVA, PLLC,<br><br>　　　　Defendant. | Case No. 1:19-cv-613<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

01. These claims are being made pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et. seq. and the Michigan Regulation of Collection Practices Act (MRCPA), 445.251 et. seq. to recover actual and statutory damages, reasonable attorney's fees, and the costs of this suit.

02. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692a & 1692b.

03. Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices . . . and to insure that . . . [debt collectors] who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle*, 559 U.S. 573 (2010) (internal quotes omitted).

04. The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 503 F.3d 159, 165 (3rd Cir. 2007) (internal citations omitted).

05. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d. 337, 345 (3rd Cir. 2004).

06. A debt collector's conduct is judged from the standpoint of the "least sophisticated consumer." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 n.1 (3rd Cir. 2006). In this way, "the FDPCA protects all consumers, the gullible as well as the shrewd." *Cloman v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

07. "[T]he FDCPA is extraordinarily broad, crafted in response to what Congress perceived to be a widespread problem." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation and internal quotation marks omitted).

08. "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3rd Cir. 2014).

09. "The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent and does not have to have suffered actual damages." *Stratton v. Portfolio Recovery Assocs.*, LLC, 770 F.3d 443, 448-49 (6th Cir. 2014).

10. "Strict liability places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief." *Id.* (citation omitted).

11. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of per se violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8).

12. In addition, the FDCPA, 15 U.S.C. ¶¶ 1692e, protects consumers from false and misleading representations generally and "[t]he false representation of . . . the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt" in particular.

13. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney fees

2

and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973).

14. In addition to economic damages, actual damages are recoverable for emotional distress. "[V]iolations of the FDCPA, by their very nature, are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance." *Crossley v. Lieberman*, 90 B.R. 682, 692 (E.D. Pa. 1988) *aff'd* 868 F.2d 566 (3rd Cir. 1989).

15. A consumer can recover "damages for personal humiliation, embarrassment, mental anguish, and emotional distress." *Statements of General Policy or Interpretation on the Fair Debt Collection Practices Act*, 53 FR 50097-02, 50109. Such damages can include recovery for "anxiety, nervousness, worry, and fear." *Armbruster v. Hecker*, 2010 WL 1543599 (M.D. Pa. Apr. 22, 2010).

16. "Congress did not limit the recovery of actual damages for emotional distress under the FDCPA . . . to those damages a plaintiff could have recovered under state law in a separate tort action for intentional or negligent infliction of emotional distress." *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991).

17. The MRCPA contains protections that generally parallel those afforded under the FDCPA, but also allows for the recovery of treble "actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action" for willful violations. *See* MCL 425.257(2).

## JURISDICTION AND PARTIES

18. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 ("federal question") for violations of the FDCPA and 28 U.S.C. § 1337 ("supplemental jurisdiction") for substantially related violations of the MRCPA.

19. Plaintiff Adam J. Vandermeer (hereinafter "Vandermeer") is a natural person who resides in the City of Wyoming in Kent County, Michigan.

20. Defendant Law Office of Barabara Tsaturova, PLLC (hereinafter "Law Office") is a Michigan professional limited liability company authorized to conduct business in

the State of Michigan.

21. The Law Office has its principal place of business in the City of Zeeland in Ottawa County, Michigan.

22. On information and belief, the Law Office conducts business in numerous counties across the State of Michigan, including Kent County and has filed debt-collection suits in the 62A District Court located in the City of Wyoming.

23. Vandermeer is a natural adult person and a consumer as defined in 15 U.S.C. § 1692a(3) and a "consumer" or "debtor" as defined in MCL 445.251(d).

24. The Law Office's principal purpose is to collect debts. It collects or attempts to collect these debts, directly or indirectly, owed or due or asserted to be owed or due to another. The Law Office uses interstate commerce and the mails to collect or attempt to collect on these debts.

25. The Law Office is a "debt collector" pursuant to 15 U.S.C. § 1692a(6) and a "regulated person" pursuant to MCL 445.251(g).

26. Venue is therefore appropriate in the United States District Court for the Western District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

27. All documents referenced herein are already in the possession of the Law Office or part of the public record in the 62A District Court in Wyoming, Michigan.

28. On February 18, 2019, the Law Office filed a multi-count Complaint against Vandermeer on behalf of Metropolitan Hospital in the 62A District Court.

29. A copy of the state-court Complaint is attached as **Exhibit A**.

30. That case is styled *Metropolitan Hospital v. Adam J. Vandermeer*, Case No. 19-0465-GC (62A Dist. Ct.).

31. In that case, the Law Office, on behalf of Metropolitan Hospital, sought $899.25 in monetary damages, plus statutory interest, court, and statutory costs.

32. ¶¶ 6-10 of the state-court Complaint sets forth a count for "Open/Stated Account Pursuant to MCL § 600.2145."

33. The state-court Complaint does not distinguish between "open account" and "account stated" despite the two constituting distinct and separate causes of action.

34. ¶¶ 11-16 of the state-court Complaint sets forth a count for "Breach of Implied Contract."

35. "Breach of implied contract" is not an independent cause of action in the State of Michigan but rather a category of equitable doctrines.

36. These equitable doctrines include quantum meruit, unjust enrichment, and promissory estoppel.

37. The state-court Complaint does not state which equitable doctrine for implied contract it alleged.

38. Under MCR 2.111(B) & (B)(1), a state-court "complaint must contain . . . [a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend."

39. The state-court Complaint filed against Vandermeer failed to reasonably inform him of the nature of the claims being made against him, specifically whether Metropolitan Hospital was making separate claims for open or account stated and which equitable doctrine for implied contract Metropolitan Hospital alleged.

40. A state-court complaint that does not comply with MCR 2.111(B) & (B)(1) should be dismissed pursuant to MCR 2.504(B)(1).

41. As noted *supra*, the state-court Complaint relied upon an unspecified equitable doctrine for implied contract.

42. In the State of Michigan, district courts cannot grant equitable relief except in limited circumstances. *See* MCL 600.8315; Mich. Cons. 1963 art. 6, §13; *Alliance for Mentally Ill v. Department of Cmty. Health*, 231 Mich. App. 647, 655–656; 588

N.W.2d 133 (1998); *Universal AM-CAN, Ltd v Attorney Gen.*, 197 Mich. App. 34, 37; 494 N.W.2d 787 (1992).

43. Those limited circumstances do not include equitable relief for a breach of an implied contract.

44. Accordingly, the 62A District Court did not have subject-matter jurisdiction over the implied-contract count alleged in the state-court Complaint.

45. Even so, ¶ 3 of the state-court Complaint stated that the 62A District Court did have subject-matter jurisdiction.

46. The state-court Complaint was ostensibly for medical services provided by Metropolitan Hospital.

47. Under MCL 566.132(1)(g) ("Statute of Frauds"), an "agreement, promise, contract, or warranty of cure relating to medical care or treatment" . . . "is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise[.]"

48. The state-court Complaint made no mention of any written agreement, contract, promise, or note or memorandum.

49. If such a written instrument exists, the state-court Complaint violated the Michigan Court Rules by failing to attach it pursuant to MCR 2.113(F)(1).

50. The state-court Complain should have been dismissed for failing to comply with MCR 2.113(F)(1). *See English Gardens Condo.*, LLC *v. Howell Twp.*, 273 Mich. App. 69, 80; N.W.2d 242 (2007), *reversed in part on other grounds* 480 Mich. 962; 741 N.W.2d 511 (2007).

51. If no written agreement, contract, promise, or note or memorandum related to the provision of medical services exists, the debt sought in the state-court Complaint is void.

52. If a written agreement, contract, promise, or note or memorandum related to the provision of medical services exists, it represents an express contract.

53. As stated *supra*, the state-court Complaint ¶¶ 11-16 alleged a cause of action under an unspecified implied-contract doctrine.

54. In the State of Michigan, an implied contract claim cannot be made if there exists an express contract between the parties. *See Wallace v Recorder's Court*, 207 Mich. App. 443; 525 N.W.2d 481 (1994); *Paradata Comput Networks v Telebit Corp.*, 830 F. Supp. 1001 (E.D. Mich. 1993); *Advanced Plastics Corp v. White Consol. Indus.*, 828 F. Supp. 484 (E.D. Mich 1993), *aff'd without opinion,* 47 F.3d 1167 (6th Cir. 1995).

55. There cannot be an express and an implied contract covering the same subject matter at the same time. *See Kuhfeldt v. Liberty Mut. Ins. Co.*, 833 F. Supp. 632 (E.D. Mich. 1993).

56. Therefore, a party cannot prevail under an equitable doctrine of implied contract where an express contract exists or, in the case of medical services, ought to exist.

57. Causes of action for open account and account stated are based on either an express or implied contract. *See Fisher Sand and Gravel v. Neal A. Sweebe*, 494 Mich. 543, 570; 810 N.W.2d 877 (2011).

58. The state-court Complaint did not allege the existence of an express contract underlying either the open account or account stated claims.

59. The Law Office, on behalf of Metropolitan Hospital, did not produce any evidence during the life of the case that an express contract.

60. Once the state-court Complaint was served on Vandermeer on or around April 27, 2019, Vandermeer, acting pro se, filed an Answer on May 5, 2019.

61. Vandermeer is not an attorney nor has received any legal training.

62. After the Answer was filed, the 62A District Court sent notice to the Law Office and Vandermeer that a trial would be held on July 29, 2019 at 1:15pm.

63. On May 31, 2019, Vandermeer retained counsel who filed an appearance in the 62A District Court on the same day and sent a copy to the Law Office.

64. Because the trial notice had been sent out prior to Vandermeer retaining counsel, Vandermeer supplied his counsel with a copy of the notice.

65. At no time between May 31, 2019 and July 29, 2019 did the Law Office make contact with Vandermeer's counsel.

66. The Law Office did not supply Vandermeer's counsel with a witness list or list of trial exhibits.

67. The Law Office did not serve any subpoenas or discovery.

68. On July 29, 2019, Vandermeer's counsel appeared for trial at 1:15pm. Despite the 62A District Court waiting until approximately 1:36pm to begin the trial, the Law Office did not appear.

69. In response, the 62A District Court dismissed the case.

70. There exists no evidence in the 62A District Court record that the Law Office intended to engage in litigation or proceed to trial despite filing a debt-collection lawsuit against Vandermeer.

71. The Law Office did not engage in any of the routine behaviors customary with pursuing a civil case, including a debt-collection case, in good faith.

72. On information and belief, the Law Office never intended to pursue the debt-collection case against Vandermeer in good faith.

73. There is no evidence that the affidavit included with the state-court Complaint was made on personal knowledge.

74. On information and belief, the affiant, Barbara Tsaturova, was not familiar with Vandermeer's alleged account at the time she swore to the affidavit.

75. Rather, the affidavit was a routine robo-affidavit commonly filed in support of similar debt-collection lawsuits pursued by the Law Office on behalf of others.

76. The actions of the Law Office in the debt-collection case filed in the 62A District Court, taken individually and in the aggregate, were false, misleading, unfair, and unlawful means to collect a debt.

77. On information and belief, the Law Office does not have policies and procedures in place to prevent some or all of the acts and behaviors set forth *supra*.

78. On information and belief, the Law Office routinely engages in the acts and behaviors set forth *supra* in courts throughout the State of Michigan.

79. As a result of the Law Office's false, misleading, unfair, and unlawful behavior to collect a debt, Vandermeer was economically damaged by having to retain counsel to defend himself.

80. As a further result of the Law Office's false, misleading, unfair, and unlawful behavior to collect a debt, Vandermeer has suffered worry, nervousness, anger, and fear.

## COUNTS

### Count 1: FDCPA (15 U.S.C. § 1692e)

81. Vandermeer incorporates all other paragraphs by reference into this count.

82. By its actions, the Law Office has violated 15 U.S.C. § 1692e ("False or Misleading Representations") generally by:

    a. Filing and serving the state-court Complaint that did not conform to the Michigan Court Rules.

    b. Filing and serving the state-court Complaint that did not conform to substantive provisions of Michigan law.

    c. Filing and serving the state-court Complaint which stated that the 62A District Court had subject-matter jurisdiction when it did not.

    d. Seeking to collect on a debt for medical services which should have been void due to the absence of a written and/or express contract or other comparable instrument as set forth by the Michigan Statute of Frauds.

    e. Seeking recovery on one or more causes of action that the 62A District Court did not have jurisdiction over.

    f. Seeking recovery on one or more causes of action barred by law and including said causes of action in the state-court Complaint.

    g. Seeking recovery on a theory of implied contract when recovery could only be available through written and/or express contract.

    h. Seeking recovery on theories of open account or account stated when recovery could only be available through written and/or express contract, thus barring those specific causes of action.

    i. Implying that the Law Office would engage in good-faith litigation behavior, including proceeding to trial as ordered by the 62A District Court.

    j. Failing to appear at the trial date and time as scheduled by the 62A District Court.

83. In addition, the Law Office's aforementioned acts and behaviors violated subsections 2(A) ("The false representation of . . . the character, amount, or legal status of any debt") and 10 ("The use of any false representation or deceptive means to collect or attempt to collect any debt") in particular of 15 U.S.C. § 1692e.

84. As set forth *supra*, as a result of the Law Office's violative acts and behaviors, Vandermeer has suffered economic, mental, and emotional harm.

85. Accordingly, Vandermeer is entitled to recover actual or statutory damages, plus attorney fees and costs under the FDCPA.

### Count 2: FDCPA (15 U.S.C. § 1692f)

86. Vandermeer incorporates all other paragraphs by reference into this count.

87. By its actions, the Law Office has violated 15 U.S.C. § 1692f ("Unfair Practices") generally by "us[ing] unfair or unconscionable means to collect or attempt to collect any debt" against Vandermeer, including:

    a. Filing and serving the state-court Complaint that did not conform to the Michigan Court Rules.

b. Filing and serving the state-court Complaint that did not conform to substantive provisions of Michigan law.

c. Filing and serving the state-court Complaint which stated that the 62A District Court had subject-matter jurisdiction when it did not.

d. Seeking to collect on a debt for medical services which should have been void due to the absence of a written and/or express contract or other comparable instrument as set forth by the Michigan Statute of Frauds.

e. Seeking recovery on one or more causes of action that the 62A District Court did not have jurisdiction over.

f. Seeking recovery on one or more causes of action barred by law and including said causes of action in the state-court Complaint.

g. Seeking recovery on a theory of implied contract when recovery could only be available through written and/or express contract.

h. Seeking recovery on theories of open account or account stated when recovery could only be available through written and/or express contract, thus barring those specific causes of action.

i. Implying that the Law Office would engage in good-faith litigation behavior, including proceeding to trial as ordered by the 62A District Court.

j. Failing to appear at the trial date and time as scheduled by the 62A District Court.

88. In addition, the Law Office's aforementioned violation of the Statute of Frauds, the use of theories of implied contract, and the use of open account and account stated violate subsection 1 of 15 U.S.C. § 1692f in particular: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

89. As set forth *supra*, as a result of the Law Office's violative acts and behaviors, Vandermeer has suffered economic, mental, and emotional harm.

11

90. Accordingly, Vandermeer is entitled to recover actual or statutory damages, plus attorney fees and costs under the FDCPA.

### Count 3: MRCPA (MCL 445.252)

91. Vandermeer incorporates all other paragraphs by reference into this count.

92. By their actions, the Law Office has violated MCL 445.252 ("Prohibited acts") generally and subsections (a) ("Communicating with a debtor in a misleading or deceptive manner"), (f)(i) ("Misrepresenting . . . [t]he legal status of a legal action being taken or threatened"), (f)(ii) ("Misrepresenting . . . [t]he legal rights of the . . . debtor"), and (q) ("Failing to implement a procedure designed to prevent a violation by an employee").

93. As set forth *supra*, as a result of the Law Office's violative acts and behaviors, Vandermeer has suffered economic, mental, and emotional harm.

94. Accordingly, Vandermeer is entitled to recover treble actual or statutory damages, plus attorney fees and costs under the FDCPA.

### TRIAL BY JURY

95. Vandermeer is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38.

### PRAYER FOR RELIEF

96. As a result of the Law Office's aforementioned violations of federal and state law, Vandermeer respectfully requests this District Court to grant him the following relief:

    a. Statutory of actual damages, whichever is greater, under the FDCPA;

    b. All costs and reasonable attorney fees pursuant to the FDCPA;

    c. Treble actual damages or statutory damages, whichever is greater, pursuant to the MRCPA;

    d. All costs and reasonable attorney fees pursuant to the FDCPA; AND

12

  e. All other relief this District Court finds just and equitable.

| Dated: July 29, 2019 | Respectfully submitted: |
|---|---|
| | __/s/_____<br>*Gabriel S. Sanchez* (P71261)<br>The Maul Law Group, PLLC<br>Attorneys for Plaintiff<br>2401 Camelot Ct., Suite M<br>Grand Rapids, MI 49546<br>Tel: (616) 202-2505<br>gsanchez@maullaw.com |